UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHIRLEY D. BELL<br>      **Plaintiff,**<br><br>versus<br><br>WIND RUN APARTMENTS, LLC,<br>SOUTHWOOD REALTY COMPANY,<br>DOMINIQUE DELPIT AND LEANNE<br>YATES<br>      **Defendants.** | **Civil Action<br>File No.**<br><br>**Judge**<br><br>**Magistrate Judge** |

## NOTICE OF REMOVAL

Come now Defendants, Wind Run Apartments, LLC, Southwood Realty Company, Dominique Delpit and Lee Ann Yates (incorrectly named as "Leanne Yates") ("Defendants"), by counsel, and respectfully notify this Court of the removal of the above-styled cause from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. §1332, §1441, and §1442, and states:

1. This action is being removed to federal court based upon the following alternative federal jurisdictional bases: diversity jurisdiction under 28 U.S.C. §1332, and federal officer removal jurisdiction under 28 U.S.C. § 1442.

2. On or about February 20, 2013, Plaintiff filed in the state court the above-entitled civil action, bearing Case No. 2013-1584 in the records and files of that Court. On March 8, 2013, all Defendants were served. This removal is timely filed within 30 days of service. *See* 28 U.S.C. § 1446; Fed. R. Civ. P. 6(a)(1).

## DIVERSITY JURISDICTION

3. This Court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between Plaintiff and all properly joined Defendants.

### Diversity of Parties

4. Plaintiff, Shirley D. Bell, is a person of full age and majority domiciled in the State of Louisiana. See Pet., at ¶ I.

5. Defendant, Southwood Realty Company, is North Carolina corporation with its principal place of business in Gastonia, North Carolina.

6. Defendant, Wind Run Apartments, LLC ("Wind Run"), is a limited-liability company organized in Louisiana. The citizenship of a limited-liability company, however, is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F. 3d 1077, 1080-1081 (5th Cir. 2008). Wind Run's sole member is Triangle Real Estate of Gastonia, Inc., a North Carolina corporation with its principle place of business in Gastonia, North Carolina. Triangle Real Estate of Gastonia, Inc. is a citizen of North Carolina.

7. Defendant, Dominique Delpit, is a domiciliary of Louisiana. However, Ms. Delpit has been improperly joined, and should be disregarded for diversity purposes.

8. Defendant, Leanne Yates, is a domiciliary of Louisiana. However, Ms. Yates has been improperly joined, and should be disregarded for diversity purposes.

9. Thus, complete diversity exists because all properly joined Defendants are citizens of North Carolina, and Plaintiff is a citizen of Louisiana.

### Standard for Improper Joinder

10. 28 U.S.C. § 1441 (b) permits removal on the basis of diversity of citizenship where "none of the parties in interest *properly joined* and served as defendants is a citizen of the State

in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). "The doctrine of improper joinder rests on these statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.' Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

11. There are two circumstances in which joinder of a defendant is improper: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. A mere theoretical possibility of recovery is insufficient. *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003). In the present case, Plaintiff's Petition does not establish a cause of action against Delpit or Yates.

12. Wind Run Apartments is listed on Southwood's website as a property owned by Southwood. Ex. C, Yates Decl.

13. Wind Run's website also contains the maintenance hotline number. That number is answered by a company in North Carolina.

14. Plaintiff is a former tenant of the Wind Run apartments, a complex owned and managed by Southwood. Plaintiff asserts she was exposed to toxic mold. Pet., at ¶ IV.

15. Plaintiff alleges in her Petition that Delpit and Yates were each an "agent/manager/controller" of the apartment complex where she lived, and that accordingly, they knew or should have known of the allegedly defective condition of the premises. Pet., at ¶¶ C, D.

16. In fact, Yates was a Regional Manager of five apartment complexes in New Orleans, and Delpit was the Property Manager of the apartment complex in which Plaintiff lived, Wind Run. Exs. B, C, Decls.

17. Plaintiff makes the vague allegation that she notified Delpit and Yates of the "poor condition of the apartment." Pet., at ¶V. She does not allege, however, that she complained to Delpit or Yates about the mold or irritants that allegedly caused the injuries alleged in this action. Ex. B, Delpit Decl. In 2010, Plaintiff notified Southwood of a mildew issue in her bathroom which was remedied. The only issue that Plaintiff made Delpit aware of in 2012 was a safety concern involving a fear of crime. *See* Ex. B, Delpit Decl.

18. Under Louisiana law, a court cannot hold an employee of a corporate defendant individually liable for injuries to a plaintiff unless four distinct criteria are met: (1) the employer owes a duty of care to the third person, breach of which has caused the damage for which recovery is sought, (2) the employer delegated the duty to the employee, (2) the employee breached the delegated duty through personal (as contrasted with technical or vicarious) fault, and (4) personal liability cannot be imposed on the employee simply because of a general administrative responsibility for performance of some function of the employment. *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973).

19. Plaintiff's Petition does not allege—and, indeed, cannot allege—that the duty to maintain the apartments free from alleged hazards was delegated exclusively to Delpit and/or Yates by Southwood. Without such an allegation, Plaintiff cannot state a claim for liability against them. *See, e.g., Bertrand v. Fischer*, 2009 WL 5215988 (W.D. La. Dec. 29, 2009) (holding that store manager who fraudulently joined where manager was not delegated the allegedly breached of duty).

20. Nor can Plaintiff show that Delpit and/or Yates breached a personal duty owed to her. In fact, Plaintiff's own Petition indicates that she was not aware of an injury until after she vacated the premises. Pet., at ¶VI. Moreover, as Delpit's and Yates's Declarations show, neither had any personal knowledge of the alleged mold that Plaintiff claims caused her injury, until Plaintiff discovered it herself while moving out of the apartment. *See* Exs. B, C.

21. Moreover, Delpit and Yates had no personal knowledge of the complaints of mold or other alleged irritants in Plaintiff's apartment alleged in this action until after Plaintiff was in the process of vacating the premises. Since Delpit and Yates were not aware of any alleged deficiency until after Plaintiff was no longer a tenant, they could not have owed her a personal duty, nor could they have breached one.

22. In addition, Plaintiff cannot meet the fourth prong of the *Canter* test, since Plaintiff if alleging personal liability based on Delpit's and Yates's performance of the general administrative duties of their job. Simply put, personal liability does not arise solely because of Delpit's status as property manager and Yates's status as regional manager.

## Amount in Controversy

23. Plaintiff alleges damages for past, present, and future physical pain, suffering and loss of function; past, present, and future mental pain anguish and suffering; medical expenses, including rehabilitation costs, doctor bills, hospital bills, medical tests, etc.; loss of earning capacity and loss of insurance; moving expenses; damage to movable property; general damages; and other damages to be proven at trial. Pet., at p. 7.

24. Although Defendant denies that it is liable to Plaintiff for any damages, it is facially apparent that the claim pleaded and placed in controversy by Plaintiff exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## FEDERAL OFFICER REMOVAL

25. 28 U.S.C. § 1442 provides that "The United States or any agency thereof or any officer (or any person acting under that officer)" may remove any civil action commenced against it in state court. 28 U.S.C. § 1442. The purpose of federal-officer removal "is to prevent federal officers *or persons acting under their direction* from being tried in state court for acts done within the scope of their federal employment." *Peterson v. Blue Cross / Blue Shield of Texas*, 508 F.2d 55, 58 (5th Cir. 1998) (holding that suit was properly removed under § 1442(a)(1) by private corporations which had acted as Medicare fiscal intermediaries) (emphasis in original).

26. In a suit involving government-contractor liability for canal breaches following Hurricane Katrina, Judge Duval enumerated the following test for federal officer removal:

> In order to remove a state law claim under this statute, as a federal officer, or "person" acting under him, the removing party must "(1) demonstrate that it acted under the direction of a federal officer, (2) raise a federal defense to the plaintiffs' claims and (3) demonstrate a causal nexus between plaintiffs' claims and acts it performed under color of federal office."

*In re Katrina Canal Breaches*, 2007 WL 2042434, at *2 (E.D. La. July 12, 2007) (citing *Mesa v. California*, 489 U.S. 121, 131-132 (1989)).

27. The Fifth Circuit has held that a corporate entity qualifies as a person under 28 U.S.C. § 1442. *Peterson*, 508 F.2d at 58; *see also In re Katrina Canal Breaches*, 2007 WL 2042434, at *2, n.3. With regard to the second prong, a defendant must show that a *colorable* federal defense exists; it need not, however, prove ultimate success on the merits. *Mesa v. California*, 489 U.S. at 133.

28. In the present case, the Defendants operated under the direction of a federal officer, the Department of Housing and Urban Development ("HUD").

29. Southwood was a participant in the Section 8 Housing Choice Voucher Program, 42 U.S.C. § 1437f(o). The Voucher Program is administered by HUD, and is intended to "remedy

6

the unsafe housing conditions and the acute shortage of decent and safe dwellings for low-income families." 42 U.S.C. § 1437. Since the federal government cannot provide all such necessary housing itself (*see* 42 U.S.C. § 1437(a)(2)), it delegates this duty under housing programs such as the Voucher Program to local public housing authorities and to private property owners such as Southwood. *See* 42 U.S.C. § 1437.

30. Each of the three prongs of the federal officer removal test is met. As to the first prong, Southwood operated for and under the direction of HUD by furthering HUD's mission to provide safe dwellings to low-income individuals, including the Plaintiff.

31. As to the second prong, Southwood has a colorable federal defense. Southwood's participation in the Voucher Program required it to submit to regular inspections, to ensure that the property to ensure that the property maintained certain Housing Quality Standards issued by HUD. *See* 24 C.F.R. § 982.401 et seq. Southwood intends to rely on these inspections to demonstrate that the property was not "defective, ruinous, and hazardous to the health and property of its residents," as asserted by Plaintiff in her Petition. *See* Pet., at ¶IV.

32. As to the third prong, there is a causal nexus between Plaintiff's claim, for alleged negligence and damage to her personal property due to alleged health issues relating to mold in her apartment, and the actions Southwood performed under color of federal office—providing safe and habitable housing under the auspices of the federal Housing Choice Voucher Program.

33. This petition is being filed pursuant to 28 U.S.C. §1446 within thirty (30) days of service of the initial pleading in which a removable claim is asserted, and is removable in that the time for filing this petition under 28 U.S.C. §1446 has not expired.

34. Therefore, Defendant files this Notice of Removal of this action from the Civil District Court for the Parish of Orleans, State of Louisiana, in which it is now pending, to the United

States District Court for the Eastern District of Louisiana. There are attached to this Notice, marked Exhibit "A" and incorporated by reference, true and correct copies of all process, pleadings, and orders served upon Defendants in this action.

35. Defendants reserve their rights to raise all objections and defenses to which they may be entitled, waiving nothing.

36. Defendants reserve the right to amend or supplement this Notice of Removal and to urge additional arguments in support of its entitlement to remove this suit.

WHEREFORE, Defendants notify this Court of the removal of this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

/s/ Andrew P. Burnside
Andrew P. Burnside, T.A., La. Bar No. 14116
Thomas L. Watson, II, La. Bar No. 30114
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
701 Poydras Street, Suite 3500
New Orleans, Louisiana 70139
Telephone: (504) 648-3840
Facsimile: (504) 648-3859
Email:  thomas.watson@ogletreedeakins.com

Attorneys for Defendants, Wind Run Apartments, LLC, Southwood Realty Company, Dominique Delpit and Lee Ann Yates

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2013, a copy of the foregoing Notice of Removal has been served on all counsel of record via facsimile and First Class U.S. Mail to:

R. BRENT CUERIA, ESQ.
700 Camp Street, Suite 316
New Orleans, LA  70130
rbcueria@aol.com
Facsimile: (504) 525-3011

PAUL D. WALTHER, ESQ.
550 Carrollton Avenue
Metairie, LA  70005
Facsimile: (504) 522-8423

                                                  */s/ Andrew P. Burnside*
                                                  Andrew P. Burnside