UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BELL | CIVIL ACTION |
| VERSUS | NO: 13-649 |
| WIND RUN APARTMENTS, LLC ET AL. | SECTION: "J"(2) |

**ORDER**

Before the Court are Plaintiff's **Motion to Remand (Rec. Doc. 11)**, Defendants' opposition thereto **(Rec. Doc. 18),** Plaintiff's reply **(Rec. Doc. 22),** and Defendants' *surreply* **(Rec. Doc. 24)**. The Court, having considered the motion and memoranda of counsel, the record, and the applicable law, finds that Plaintiff's motion should be **GRANTED.** After review, the Court cannot say that Plaintiff improperly joined the nondiverse Defendants. As such, this Court does not have jurisdiction on the grounds of diversity.

Furthermore, the Court finds that Defendants Wind Run Apartments, LLC and Southwood Realty Co. are not federal officers for the purposes of federal officer jurisdiction. In order to remove a state law claim under 28 U.S.C. § 1442, the removing party must demonstrate that it (1) acted under the direct and detailed control of a federal officer, (2) can raise a colorable federal defense to the plaintiff's claims,(3) is a person under the statute, and that (4) a causal nexus exists between the defendant's action under the color of federal office and the plaintiff's claims. Joseph v. Fluor Corp., 513 F. Supp. 2d 664, 671 (E.D. La.

2007).

In the instant case, the Court finds that Defendants have failed to show that they acted at the "direct and detailed control" of a federal officer and/or that a causal nexus exists. In particular, the Court notes that while it is evident that the Defendants, participants in the Section 8 voucher program, would have performed inspections laid out in the Department of Housing and Urban Development ("HUD")'s program guidelines, it is not clear that any federal officer directly controlled those inspections or had direct oversight over the employees who performed them. See Joseph, 513 F. Supp 2d at 671 - 73 (holding that simply because FEMA set minimum standards and parameters for manufacturing travel trailers to be used post-Hurricane Katrina, it did not make every vendor who manufactured said trailers a federal agent). Furthermore, the Court also notes that, to the extent that the Defendants did perform the HUD inspections, their performance of the inspections, i.e. their "federal action," cannot be said to have a causal nexus with Plaintiff's claims. That is to say, the performance of HUD required inspections, whether well performed or ill performed, did not cause Plaintiff to sue Defendants. Plaintiff's claims exist independent of the federal inspections, which, at most, will only serve Defendants in establishing a standard of care within their industry. The Court notes that, "[w]hile [§ 1442(a)(1)] is to be liberally construed, it must nevertheless be interpreted 'with the highest regard for the right

of the states to make and enforce their own laws in the field belonging to them under the Constitution.'" Joseph, 513 F. Supp 2d at 673 (quoting Preston v. Tenet Healthsys. Mem'l Ctr., Inc., 463 F. Supp. 2d  583, 590 (E.D. La. 2006)). Accordingly,

**IT IS ORDERED** that Plaintiff's motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana this 12th day of June, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE